IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| YUNG-KAI LU, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:16-CV-2774-M (BH) |
| § | |
| GARY NG, § | |
| Defendant. § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court for recommendation is the *Summary of the Legal Procedure*, filed March 2, 2017 (doc. 21), in which the plaintiff expressly moves for entry of default judgment. Based on the relevant filings and applicable law, the motion for default judgment should be **DENIED**.

**I. BACKGROUND**

On September 29, 2016, Yung-Kai Lu (Plaintiff) filed this lawsuit against Gary Ng (Defendant), alleging fraud and misrepresentation and the unauthorized practice of law. (*See* doc. 3 at 4-5.[1]) Plaintiff contends that Defendant falsely represented that he was an attorney, and that in July 2014, he hired Defendant to resolve his immigration issues so that he could return to the United States and finish his degree. (*Id.* at 1, 4, 10.) After Defendant received the fee from Plaintiff, he allegedly ceased all contact with him. (*Id.* at 1, 4.) Plaintiff reported Defendant to the State Bar of Texas in December 2014. (*Id.* at 1, 4.) In September 2015, Defendant entered into a *Cease and Desist Agreement* with the State Bar of Texas in which he admitted that he was not licensed to practice law, that he had entered into an "attorney-client agreement" with Plaintiff to assist him with his immigration matters, and that Plaintiff paid a fee. (*Id.* at 12-13.) Defendant agreed to immediately

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

and voluntarily cease and desist from any activities that may constitute the unauthorized practice of law.  (*Id.*)

After Plaintiff was granted leave to proceed *in forma pauperis* on December 15, 2016, the United States Marshal was ordered to serve Defendant.  (doc. 16.)  According to the return of service, Defendant was served through attorney John Baremore on February 7, 2017.  (doc. 19.)  As of this date, Defendant has not answered or otherwise responded to the lawsuit.  On March 2, 2017, Plaintiff moved for entry of default judgment.  (*See* doc. 21.)

## II.  MOTION FOR DEFAULT JUDGMENT

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).[2]  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *New York Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55 (b); *New York Life Ins.*, 84 F.3d at 141.

Here, Plaintiff has not moved for or obtained entry of default prior to filing his motion for default judgment.  Without a prior entry of default, a party has no basis to seek a default judgment.  His motion should therefore be denied.

---

[2] Rule 55(a) was amended in 2007 to delete a qualification that previously allowed entry of default only when a party failed to "defend as provided by these rules."  *See* Fed. R. Civ. P. 55 advisory committee notes (2007 am.).  The deletion was intended to reflect the actual meaning of the rule, which had been interpreted by federal courts as requiring only that a party "defend" against a judgment to defeat a request for entry of default.  *See id.*

### III.  RECOMMENDATION

The motion for default judgment should be **DENIED**.  The U.S. District Clerk's Office shall send a courtesy copy of this recommendation to attorney John Baremore via regular mail *and* certified mail, return receipt requested, at: 5757 Alpha Road, 135 Alpha Tower, Dallas, Texas 75240.

**SO ORDERED** on this 6th day of March, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE