IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YUNG-KAI LU, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:16-CV-2774-M (BH) |
| | § | |
| GARY NG, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**AND ORDER DENYING NON-DISPOSITIVE MOTIONS**

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the *Motion for Bond for Costs, Motion to Dismiss for Failure to State a Cause of Action, Motion for Failure to Plead Properly, Motion for More Definite Statement*, filed March 21, 2017 (doc. 25). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED in part** and **DENIED in part**, and the motions for bond and for a more definite statement are **DENIED**.

**I. BACKGROUND**

On September 29, 2016, Yung-Kai Lu (Plaintiff) filed this lawsuit against Gary Ng (Defendant), alleging fraud and misrepresentation and the unauthorized practice of law. (*See* doc. 3 at 4-5.)[1] Plaintiff is a citizen of Taiwan living in Taiwan, and Defendant is a United States citizen living in Richardson, Texas. (*Id*. at 2-3; 19 at 1.) Plaintiff contends that he hired Defendant, who had falsely represented that he was an attorney, to resolve his immigration issues in July 2014, so

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

that he could return to the United States and finish his degree. (*Id.* at 1, 4, 10.) After receiving the fee from Plaintiff, Defendant ceased all contact with him. (*Id.* at 1, 4.) Plaintiff reported Defendant to the State Bar of Texas in December 2014. (*Id.* at 1, 4.) In September 2015, Defendant entered into a *Cease and Desist Agreement* with the State Bar of Texas in which he admitted that he was not licensed to practice law, that he had entered into an "attorney-client agreement" with Plaintiff to assist him with his immigration matters, and that Plaintiff had paid him a fee. (*Id.* at 12-13.) Defendant also agreed to immediately and voluntarily cease and desist from any activities that might constitute the unauthorized practice of law. (*Id.*) Plaintiff seeks damages in the amount of $318,000.00, prejudgment and postjudgment interest, and attorney's fees and costs. (*Id*. at 6-7.)

On March 21, 2017, Defendant filed a motion for bond for costs, a motion to dismiss for failure to state a claim, a motion to dismiss for failure to plead properly, and in the alternative, a motion for a more definite statement. (doc. 25) Plaintiff filed a timely response (doc. 35), but Defendant did not file a reply. The motion is now ripe for recommendation.

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 25 at 2.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the

2

plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," however. *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

A.    **Unauthorized Practice of Law**

Defendant moves to dismiss Plaintiff's claim that he engaged in the unauthorized practice of law for failure to state a claim upon which relief can be granted. (doc. 25 at 2-3.)

In Texas, a person is prohibited from practicing law "unless the person is a member of the state bar." Tex. Gov't Code Ann. § 81.102(a). The "practice of law" includes services rendered out of court, "including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined." *Id*. at § 81.101(a).

Section 81.104 of the Texas Government Code provides that it is the duty of the Unauthorized Practice of Law Committee of the State Bar of Texas to "seek the elimination of the unauthorized practice of law by" filing suit. *Id*. at § 81.104. Although the committee's authority is not exclusive, courts have typically only permitted those with an interest in protecting the legal profession to bring suit. *See In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 773 (Tex. 1999) (recognizing that proceedings to prohibit the unauthorized practice of law have been instituted by "grievance committees, local bar associations, and groups of attorneys", as well as the committee). For example, attorneys have been permitted to institute suit to enjoin the unauthorized practice of law because they have an interest in protecting the legal profession. *See Touchy v. Houston Legal Found.*, 432 S.W.2d 690, 694 (Tex. 1968). Chapter 81 does not provide a private general cause of action for the unauthorized practice of law, however, *see id*. at Title 2, Subtitle G, Ch. 81, and the existence of one is not evident from the case law.

Nevertheless, there are certain specific circumstances under which an individual may assert a private cause of action for the unauthorized practice of law. *See* Tex. Gov't Code Ann. §§ 83.005, 84.003. Plaintiff expressly invokes two of those circumstances. (doc. 3 at 5-6.)

   *1.   Section 83.006*

Plaintiff asserts that Defendant violated section 83.006 of the Texas Government Code

because he falsely represented himself as an attorney and promised to perform legal duties for him. (doc. 3 at 5-6.)

It is a violation of Chapter 83 for a person to "charge or receive, either directly or indirectly, any compensation for all or any part of the preparation of a legal instrument affecting title to real property, including a deed, deed of trust, note, mortgage, and transfer or release of a lien." Tex. Gov't Code Ann. § 83.001(a). A person who pays a fee for the violation of chapter 83 "may bring suit for and is entitled to: (1) recovery of the fee paid; (2) damages equal to three times the fee paid; and (3) court costs and reasonable and necessary attorney's fees." *Id*. at § 83.005. Under section 83.006, "[a] violation of [chapter 83] constitutes the unauthorized practice of law and may be enjoined by a court of competent jurisdiction." *Id*. at § 83.006.

Plaintiff claims that although Defendant is not licensed to practice law in Texas, he agreed to assist Plaintiff in obtaining a "Waiver of Grounds of Inadmissibility" into the United States, Plaintiff him a fee for his services, and they entered into an agreement labeled "attorney-client agreement." (doc. 3 at 1, 4, 10-12.) He has not alleged that Defendant assisted him in preparing "a legal instrument affecting title to real property," however. Tex. Gov't Code Ann. § 83.001(a). The waiver is a document used by "applicant[s] for an immigrant visa or 'K' nonimmigrant visa who [are] inadmissible" to seek a waiver of their inadmissibility. 8 C.F.R. § 1212.7(a)(1)(i). Because Plaintiff has not alleged sufficient facts to show that Defendant violated Chapter 83, his claim under section 83.006 fails. *See* Tex. Gov't Code Ann. § 83.006.

### 2. *Section 84.001*

Plaintiff also claims that Defendant violated section 84.001 of the Texas Government Code. (doc. 3 at 5-6.)

Section 84.001 provides, "[b]efore the conclusion of all aspects of a criminal matter that gives rise to an attorney's employment, an attorney may not make or negotiate an agreement with a client, a prospective client, or former client that provides the attorney literary or media rights to a portrayal or account based in substantial part on information relating to the representation." *Id*. at § 84.001. "A person . . . may bring suit against an attorney whose violation of Section 84.001 results in damages incurred by the person bringing the suit," and that person may recover actual damages, exemplary damages, attorney's fees, and court costs. *Id*. at § 84.003.

Plaintiff does not allege that he employed Defendant to defend him in a criminal matter. (*See* doc. 3 at 3-5.) Tex. Gov't Code Ann. § 84.001. He also does not allege that Defendant made or negotiated an agreement with him "that provides [Defendant] literary or media rights to a portrayal or account based" on information relating to his representation. Tex. Gov't Code Ann. § 84.001. Plaintiff only alleges that he paid Defendant to assist him with his immigration issues. (doc. 3 at 3-4.) He has not alleged facts to support a claim under section 84.001. *See* Tex. Gov't Code Ann. § 84.001.

Because Plaintiff's allegations in his complaint are insufficient to "state a claim for relief that is plausible on its face" under either sections 83.006 and 84.001, and there is no general private cause of action, Defendant's motion to dismiss the claims against him for engaging in the unauthorized practice of law should be granted. *See Twombly*, 550 U.S. at 570.

**B.     Fraud and Misrepresentation**

Defendant also moves to dismiss Plaintiff's fraud and misrepresentation claims under Rule 12(b)(6) as well as on grounds that he failed to properly plead them under Federal Rule of Civil Procedure 9(b). (doc. 25 at 3.)

Plaintiff's claims for fraud and misrepresentation are properly characterized as a fraud by affirmative misrepresentation claim based on the allegations in his complaint. (doc. 3 at 3-5; *see* doc. 35 at 7-8.) Specifically, he asserts that Defendant deceived him by representing himself as an attorney. (doc. 3 at 4.) The elements of a fraud claim in Texas are "(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd., v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343

F.3d 719, 724 (5th Cir. 2003).

Here, Plaintiff's complaint alleges that between June 30, 2014 and July 1, 2014, Defendant stated he was a licensed attorney and agreed to assist Plaintiff with his immigration issues by filing a "Waiver of Grounds of Inadmissability." (doc. 3 at 2-4, 12-13.) It alleges that he and Defendant entered into a contract, Defendant accepted a fee from him in Texas, but Defendant subsequently ceased all communications with him, and attached is a copy of the "attorney-client agreement" he entered into with Defendant on June 29, 2014. (*Id*. at 10.) Also attached is the *Cease and Desist Agreement* between Defendant and the State Bar of Texas in which Defendant conceded that he agreed "to assist [Plaintiff] with obtaining a 'Waiver of Grounds of Inadmissibility' to the [United States] including having [Plaintiff] pay a fee and sign" the attorney-client agreement, and that he was not a licensed attorney, and in which he agreed to "voluntarily immediately cease and desist from activities that may constitute the unauthorized practice of law." (*Id*. at 12-13.)

Defendant argues that Plaintiff failed "to detail how any purported fraud caused him the damages which he alleges, which appear to be a professor's salary at Texas A & M University." (doc. 25 at 3.) Plaintiff's complaint asserts that due to Defendant's actions, he suffered emotional distress, and his academic career was delayed at least three years. (doc. 3 at 6.) He also seems to assert that he was a full-time professor, and as a result of Defendant's misrepresentations, he lost his annual salary of $8,000 per month and annual bonuses for three years. (*Id*. at 6.) Additionally, his agreement with Defendant shows that he paid Defendant $700 for his services. (*Id*. at 10.) The parties dispute whether the $700 was ever refunded to Plaintiff. (docs. 25 at 4; 35 at 10.) Plaintiff seeks a total of $318,000 in damages as a result of Defendant's actions. (*Id*. at 6-7.) Plaintiff has sufficiently identified how Defendant's misrepresentations caused him injury, i.e., his lost salary and

8

bonuses, the fee paid to Defendant, and the emotional distress that he alleges he suffered as a result of Defendant's misrepresentations. (doc. 3 at 6-7.)[2]

Because Plaintiff has made specific allegations that meet the heightened pleading requirements of Rule 9(b), Defendant's motion to dismiss his fraud and misrepresentation claims should be denied.

### III. MOTION FOR BOND

Defendant moves to "require Plaintiff to post a [bond] in the amount of $20,000.00, or whatsoever amount the Court may set, in order to secure payment of any costs or fees that may result from a finding that Plaintiff's lawsuit or procedure is sanctionable." (doc. 25 at 1.) He cites no legal basis for this request. (*See id*. at 1-2.)

The Federal Rules of Civil Procedure do not contain a specific provision relating to a bond for costs. The Fifth Circuit has held that "security for costs is a proper subject for regulation by local rules promulgated under Fed. R. Civ. P. 83." *Ehm v. Amtrak Board of Directors*, 780 F.2d 516, 517 (5th Cir. 1986). "Even in the absence of a local rule, however, a district court has inherent power to require security for costs when warranted by the circumstances of the case." *Id*. In determining whether to require a security for costs, a court should consider "the probability of the plaintiff's success on the merits, the background and purpose of the suit, and the reasonableness of

---

[2] To the extent that Defendant's argument regarding the amount of damages alleged constitutes a challenge to the alleged amount in controversy and the existence of diversity jurisdiction, Plaintiff's complaint alleges that his damages are $318,000, consisting of his lost salary of $8,000 per month and bonuses for three years, his $700 fee paid to Defendant, and his emotional distress. (doc. 3 at 6-7, 10.) "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 553 (2014) (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 276 (1977)). There is no indication that Plaintiff has not presented this amount in good faith. Nor does it appear "to a legal certainty that the claim is really for less than the jurisdictional amount." *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938). The amount in controversy alleged is sufficient to support the exercise of jurisdiction. *See* 28 U.S.C. § 1332.

the amount of the posted security viewed from the prospective of both plaintiff and defendant." *Id*. (citing *Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 727–28 (1st Cir. 1984)); *see also Newsome v. Crews*, Nos. 3:07-CV-99-TSL-LRA, 3:07-CV-560-TSL-LRA, 2008 WL 11343424, at *2 (S.D. Miss. Dec. 1, 2008) (quoting *Ehm* as the basis for the defendants' "motion for security of costs").

Here, Defendant has not shown that it is unlikely Plaintiff will succeed on the merits. *See O'Neal v. America's Best Tire, L.L.C.*, No. CV-16-00056-PHX-DGC, 2016 WL 8738204, at *1 (D. Ariz. July 25, 2016) (relying on *Ehm* in denying a defendant's motion to order the plaintiffs to post a bond). There is "no history of the persistent pursuit of fruitless litigation" or harassment by Plaintiff. *See Aggarwal*, 745 F.2d at 728 (vacating a district court's bond order). Defendant's allegations that "Plaintiff was fired and/or expelled from Texas A&M University for making frivolous claims of racial discrimination" do not suffice to make a showing on the likelihood of success in the current suit against Defendant. (doc. 25 at 1-2.) Lastly, Defendant provides no evidence that the requested amount of security is reasonable when viewed from the perspective of both parties. *See Ehm,* 780 F.2d at 517; *see also O'Neal*, 2016 WL 8738204, at *1. Defendant's motion for bond is therefore denied.

### IV. MOTION FOR MORE DEFINITE STATEMENT

Defendant moves that this Court order Plaintiff to redraft his complaint in order to comply with Federal Rules of Civil Procedure 8 and 9. (doc. 25 at 3-4.)

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Whether to grant a Rule 12(e) motion for more definite statement is within the court's sound discretion.

*Crawford–El v. Britton*, 523 U.S. 574, 597–98 (1998); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653–54 (N.D. Tex. 2004). Such motions are generally "disfavored" and only used to remedy "an unintelligible pleading" rather than to provide additional detail. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001) (quoting *Frazier v. Se. Pa. Transp. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)); *accord Travelers Indem. Co.*, 313 F. Supp. 2d at 653–54. The party seeking a more definite statement has the burden to show a need for one. *See El Chico Restaurants of Tex., Inc. v. Carroll*, No. 3:09–CV–2294–L, 2010 WL 2697293, at *4–5 (N.D. Tex. July 8, 2010); *Austin v. Hood Cnty.*, No. 3:06–CV–1997–D, 2007 WL 631278, at *4 (N.D. Tex. Mar. 1, 2007).

A party may rely on a motion for a more definite statement to test the notice pleading requirement of Rule 8(a). *See Turner v. Pavlicek*, 2011 WL 4458757, at * 16 (S.D. Tex. Sept. 22, 2011) (citing 5 Federal Practice and Procedure § 1203); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 8 requires only that a complaint provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8. To comport with Rule 8(a), the complaint must either: "(1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Gen. Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 950 (5th Cir. 1999).

A party may also rely on Rule 12(e) to challenge the sufficiency of a complaint under Rule 9(b), which, as noted, contains a heightened pleading standard requiring a plaintiff to specifically identify "'the who, what, when, where, and how'" with respect to a fraud claim. *See* Fed. R. Civ. P. 9(b); *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003);

11

*Lindsey v. Dyncorp. Internat'l, LLC*, 2009 WL 1704253, *1 (S.D. Tex. June 17, 2009) (citations omitted).

Here, Plaintiff's complaint is not so vague or ambiguous or unintelligible that Defendant cannot reasonably prepare a response. Plaintiff specifically labeled his causes of action, identified the elements, and provided facts in support of his claims. (*See* doc. 3) His complaint comports with Rule 8(a) and provides adequate notice of Plaintiff's claims against Defendant for fraud and for engaging in the unauthorized practice of law. (*Id.*) As noted, it also meets the heightened pleading standard of Rule 9(b) in that it specifically identifies "'the who, what, when, where, and how'" of Defendants fraudulent conduct. Accordingly, Defendant has not met his burden to show a need for Plaintiff to re-plead his allegations to provide a more definite statement, and his motion is denied.

## V. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED** as to the unauthorized practice of law claim and **DENIED** as to the fraud claim. His motions for a bond and for a more definite statement are **DENIED.**

**SO RECOMMENDED AND ORDERED** on this 21st day of November, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                    _____
                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE