**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **YUNG-KAI LU,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:16-CV-2774-BH** |
| | § | |
| **GARY NG,** | § | |
| **Defendant.** | § | **Consent Case**[1] |

**MEMORANDUM OPINION AND ORDER**

Based on the testimony and arguments presented during a bench trial, the plaintiff has failed to prove by a preponderance of the evidence his damages on his claim for fraud by misrepresentation, and he shall take nothing on his claim against the defendant.

## I.  BACKGROUND

On September 29, 2016, Yung-Kai Lu (Plaintiff) filed this *pro se* action against Gary Ng (Defendant), asserting claims for fraud by misrepresentation and the unauthorized practice of law. (doc. 3.) He alleges that Defendant falsely represented himself as an attorney when Plaintiff hired him to resolve his immigration issues in July 2014. (*See id.* at 4-5.)[2]

On February 27, 2023, a bench trial on Plaintiff's sole remaining fraud by misrepresentation claim[3] was conducted. (doc. 83.) Plaintiff represented himself and participated by videoconference from Taiwan, Defendant appeared in person and through counsel, and both parties testified.

---

[1]By *Order of Reassignment*, filed February 9, 2018, and the consent of the parties, this matter was transferred for the conduct of all further proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c).

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3]Plaintiff's claim against Defendant for engaging in the unauthorized practice of law was dismissed for failure to state a claim on December 14, 2017. (*See* doc. 52.)

## II. EVIDENTIARY CONSIDERATIONS

Plaintiff attempted to introduce multiple documents at trial that were not previously disclosed as required under the scheduling order. District courts are vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. *Barret v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (citing Fed. R. Civ. P. 16(b)). Under Rule 16(f) of the Federal Rules of Civil Procedure, a district court is authorized to sanction a party for failing to comply with its scheduling order by excluding evidence. Fed R. Civ. P. 16(f); *see Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990) ("[A] trial court's decision to exclude evidence as a means of enforcing a pretrial order 'must not be disturbed' absent a clear abuse of discretion.") (citations omitted)).

The scheduling order stated that "[t]he parties shall file their final Fed.R.Civ.P. 26(a)(3) pretrial disclosures no later than February 6, 2023," and that they "shall provide the Court with a complete set of their marked exhibits." (doc. 71 at 1-2.) Neither party filed their pretrial disclosures, and no exhibits were timely provided. Because Plaintiff did not provide sufficient reason at trial for failing to disclose them, the documents he presented at trial were not admitted.[4] He was allowed to use the documents for impeachment purposes, however.

## III.  FINDINGS OF FACT

In accordance with Federal Rule of Civil Procedure 52(a),[5] the Court finds:

1.     Plaintiff is a citizen of Taiwan and currently lives in that country.

2.     Defendant is a citizen of the United States and resides in Texas.

---

[4]Consideration of Plaintiff's documents as admitted exhibits would not change the final outcome.

[5]To the extent any finding a fact is more properly characterized as a finding of law, or a conclusion of law is more properly characterized as a finding of fact, it is so adopted.

3.      Plaintiff previously lived in the United States and had a visa authorizing him to work in the country.

4.      Plaintiff first met Defendant because he had a car accident and the owner of the auto repair shop recommended his legal services. During their initial visit, Defendant told Plaintiff that he was an attorney and considered himself a "law specialist" in immigration.

5.      At some point in time prior to 2014, Plaintiff attended the University in Utah with a scholarship and earned income while teaching at the university. He was accused of making threats to co-workers, arrested by U.S. Immigration and Customs Enforcement, and deported back to Taiwan.

6.      In mid-2014, he called Defendant from Taiwan because he had his phone number saved on his cell phone and he remembered Defendant's comments about being a law specialist in immigration. He wanted Defendant to fix his immigration visa problems so he could return to the United States and continue his academic career. Plaintiff told Defendant that the university had violated its scholarship contract with him and then "set him up" to get him arrested and deported.

7.      Defendant told Plaintiff that based on the information provided, filing an immigration waiver for a visa would be his best option to get back to the United States. He would charge Plaintiff $1,000 to represent him and file the waiver, and required $700 in advance.

8.      Defendant sent Plaintiff a document with the terms of this agreement to sign, which was titled "Attorney Client Agreement" and referred Defendant as an attorney.

9.      In June 2014, Plaintiff signed and returned the agreement and wired $700 to Defendant, but he only did so after Defendant expressly confirmed that he was an attorney. Plaintiff also emailed Defendant relevant information and documents concerning his deportation case.

10.     After receiving the fee from Plaintiff, Defendant did not file for a waiver, and ceased all contact with Plaintiff.

11.     Plaintiff reported Defendant to the State Bar of Texas (SBOT). In 2015, Defendant entered into a Cease and Desist Agreement with the SBOT in which he admitted that he was not licensed to practice law and that Plaintiff had paid him a fee to help him with obtaining an immigration waiver, and he agreed to refund Plaintiff's fees.

12.     In October 2015, Defendant returned the $700 fee to Plaintiff.

13.     Plaintiff hired an immigration attorney in Taiwan some time after Defendant stopped communicating with Plaintiff, but it did not work out. The attorney did not file for a waiver because there was no waiver for which Plaintiff could apply. The attorney explained to Plaintiff that there was nothing that the attorney could do to fix his immigration situation.

3

## IV. CONCLUSIONS OF LAW

In Texas, the elements of fraud by misrepresentation are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

Plaintiff has provided sufficient evidence to prove the elements of fraud by representation. He testified that Defendant represented himself as an attorney when they met, that he would file for an immigration waiver, and that he provided him with an Attorney-Client Agreement that identified Defendant as an attorney. He also testified that he had asked Defendant to confirm he was attorney before signing the agreement and paying him, and that he wired $700 only after Defendant confirmed he was an attorney. It is undisputed that Defendant is not a licensed attorney and that he did not file any type of waiver on behalf of Plaintiff. Although Defendant testified that he never represented to Plaintiff that he was an attorney, this testimony is not credible. Plaintiff has met his burden to show by a preponderance of the evidence all the elements of his fraud claim against Defendant.

Plaintiff argues that he suffered "professional loss" from Defendant's fraud and that he is entitled to recover $320,000 for his "lost opportunity costs" and $80,000 for his "emotional damages."

4

A.      **"Lost Opportunity Costs"**

In Texas, a plaintiff suing for fraud may recover actual damages, which are either direct or consequential. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). Consequential damages are " 'those damages which result naturally, but not necessarily,' from the defendant's wrongful acts," while direct damages "compensate for the loss that is the necessary and usual result of the act." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007) (quoting *Henry S. Miller Co. v. Bynum*, 836 S.W.2d 160, 163 (Tex. 1992)).  In a fraud by misrepresentation case, a plaintiff must show that his injury was proximately caused by the fraudulent conduct to recover consequential damages, or that "the harm 'result[ed] directly and naturally' from the fraud" to recover direct or general damages. *Blue Gordon, C.V. v. Quicksilver Jet Sales, Inc.*, 444 F. App'x 1, 10-11 (5th Cir. 2011) (citing *Emps. Ret. Sys. of Tex. v. Putnam, LLC*, 294 S.W.3d 309, 316–17 (Tex.App.–Austin 2009, no pet.); *Scott v. Sebree*, 986 S.W.2d 364, 371 (Tex. App.—Austin 1999, pet. denied))).

Here, Plaintiff has not provided any evidence of actual damages on his fraud by misrepresentation claim. Although he argued that he suffered lost opportunities in the amount of $320,000 because of his immigration problems and inability to return to the United States, he did not offer any credible evidence substantiating this amount. Additionally, he failed to show by a preponderance of the evidence that his inability to return to the United States to work was caused by any of Defendant's misrepresentations. He testified that he relied on Defendant's misrepresentations that he was an attorney, and that his visa issues could be fixed with a waiver, but he provided no evidence connecting these representations to his claimed injury of lost opportunities. Plaintiff did not present competent evidence of other legal remedies or options for him return to the United States given his immigration issues, or any evidence that any delay that resulted from him

5

hiring Defendant to file a waiver had any impact on his ability to return to the United States. Notably, Plaintiff testified that he hired an attorney in Taiwan who told him that there was nothing that would fix his immigration situation. Even though Defendant never filed for a waiver, Plaintiff agreed that a waiver did not apply in his case. While the fees Plaintiff paid Defendant to file a waiver would give rise direct damages, he admits that Defendant refunded the $700 fee in October 2015, and he has not presented any evidence of damages for any delay. Plaintiff has not met his burden to show by a preponderance of the evidence that he should be awarded $320,000 in lost opportunities as actual damages for Defendant's misrepresentations.

**B.    "Emotional Damages"**

Texas has authorized the recovery of mental anguish damages for fraud. *See Chapa*, 212 S.W.3d at 304. The Texas Supreme Court has explained that "[t]here must be both evidence of the existence of compensable mental anguish and evidence to justify the amount awarded." *Hancock v. Variyam*, 400 S.W.3d 59, 68 (Tex. 2013). Mental anguish is "'a high degree of mental pain and distress' that is 'more than mere worry, anxiety, vexation, embarrassment, or anger.'" *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (quoting *J.B. Custom Design & Bldg. v. Clawson*, 794 S.W.2d 38, 43) (Tex. App.–Houston [1st Dist.] 1990, no writ). To recover an award of mental anguish damages, the plaintiff must introduce "direct evidence of the nature, duration, and severity of [the plaintiff's] mental anguish, thus establishing a substantial disruption in the plaintiff's daily routine," or "evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." *Anderson v. Durant*, 550 S.W.3d 605, 618-19 (Tex. 2018) (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)).

There was no testimony from Plaintiff about the nature, duration, or severity of any mental anguish he may have suffered as a result of Defendant's fraud. He also did not provide any other

6

evidence that Defendant's conduct caused him to suffer a high degree of mental pain and distress to a degree that made it more than mere worry, anxiety, vexation, embarrassment, or anger. Plaintiff testified that he suffered "emotional damages" because of Defendant's fraud, "but generalized, conclusory descriptions of how an event affected a person are insufficient evidence on which to base mental anguish damages." *Alonzo v. John*, 647 S.W.3d 764, 772 (Tex. App.—Houston [14th Dist.] 2022, pet. filed) (citing *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 232 (Tex. 2011)); *see Gunn Infiniti v. O'Byrne*, 996 S.W.2d 854, 860-61 (Tex. 1999) (finding no evidence of mental anguish damages because claimant's testimony that he had "a lot of anguish, a lot of grief," severe disappointment, and embarrassment did not rise to a level of a high degree of mental pain and distress, and there was no evidence of a substantial disruption of his daily routine). Plaintiff did not meet his burden to show by a preponderance of the evidence that he suffered mental anguish justifying his claim for $80,000 in emotional damages. *See Swanston v. City of Plano, Texas*, No. 4:19-CV-412, 2022 WL 2704532, at *5 (E.D. Tex. July 12, 2022) ("Because there is no factual evidence or legal support to justify mental anguish damages, the Court finds that no award for mental anguish is appropriate in this case.").

## V. CONCLUSION

Plaintiff has failed to prove by a preponderance of the evidence his damages on his fraud by misrepresentation claim, and he shall take nothing on his claim against Defendant.

**SO ORDERED** on this 23rd day of May, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE